# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN LEWIS FULKS, 649145, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-476-L | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

### I.     Procedural Background

On January 15, 2009, Petitioner pled guilty to aggravated assault on a public servant and was sentenced to ten years in prison. *State of Texas v. Marvin Lewis Fulks*, No. F-08-58508-V (292nd Dist. Ct., Dallas County, Tex. Jan. 15, 2009). He did not file an appeal.

On October 2, 2009, Petitioner filed a state habeas petition. *Ex parte Fulks*, No. 73,487-01. On January 12, 2011, the Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

On February 28, 2011, Petitioner filed the instant petition. He argues:

1.     His guilty plea was involuntary because:

(A) he is mentally retarded ("MHMR") and bipolar, which rendered him unable to understand the proceedings;

(B) he was heavily medicated on the day of sentencing; and

(C) his attorney was aware of his mental condition but was ineffective in allowing him to plead guilty;

2. He received ineffective assistance of counsel when counsel failed to:

(A) investigate and research the case;

(B) present a case of self-defense; and

(C) request a competency hearing.

On July 22, 2011, Respondent filed his answer. Petitioner did not file a reply. The Court finds the petition should be denied.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

2.     **Procedural Bar**

Respondent argues that Petitioner's ineffective assistance of counsel claims in Claim 2 above are procedurally barred because Petitioner failed to raise these claims in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise these claims in state court. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal under the state's abuse of the writ doctrine. TEX. CODE CRIM. PROC. art. 11.07 § 4.

To overcome the procedural bar established by the abuse of the writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the

alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. These claims should therefore be denied.

3.  **Guilty Plea**

Petitioner argues his guilty plea was not knowingly and voluntarily entered because: (1) he is MHMR and bipolar and was unable to understand the proceedings; (2) he was heavily medicated on the day of sentencing; and (3) his attorney was aware of his mental condition and was ineffective in allowing Petitioner to plead guilty.

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v.*

*Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, the record shows Petitioner's guilty plea was knowingly and voluntarily entered. Petitioner admitted to the charges contained in the plea agreement and judicial confession and signed each of these documents. *Ex parte Fulks* at 29-31.

The state habeas court also held a hearing on Petitioner's claims. Petitioner testified his guilty plea was not voluntary. He stated he did not understand the plea papers or the admonishments from the court. (Habeas Hrg at 10-12, 14.) He also testified that he was on medications that made his mind cloudy, and that his counsel told him to sign the plea papers. (*Id*. at 11, 15-16.) Petitioner also testified, however, that he can read and write, that he graduated from high school, and that he was never diagnosed as mentally retarded. (*Id*. at 33-34, 41.)

Defense counsel also testified at the hearing. Counsel stated he met with Petitioner and explained the charges and sentencing range. (*Id*. at 45-46.) Counsel stated the prosecutor agreed to dismiss the enhancement paragraph in exchange for Petitioner's guilty plea. (*Id*. at 47.) Counsel stated Petitioner did not appear drugged, that he was of above-average intelligence, that he displayed no bizarre behavior and that Petitioner understood the proceedings "very well." (*Id*. at 48-50.)

The state habeas court determined that Petitioner's claims were without merit. It found that Petitioner's testimony "was not completely credible," and that defense counsel's testimony was credible. (*Ex parte Fulks* at 6,10.)

Petitioner has failed to show that the state courts' decision to deny relief was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The petition should therefore be denied.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 22nd day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).